IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teri Blair, | No. CIV 09-1761-PHX-DKD |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Viking Recovery Services, | |
| Defendant. | |

TO THE HONORABLE SUSAN R. BOLTON, U.S. DISTRICT JUDGE:

Plaintiff Teri Blair filed a complaint against Defendant Viking Recovery Services on August 24, 2009, asserting violations of the Fair Debt Collections Practices Act ("FDCPA") (Doc. 1). Defendant was served regarding this matter on October 30, 2009 (Doc. 7) but has never appeared. Pending before the Court is Plaintiff's Motion for Default Judgment. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c). Because defendant has never appeared it may be fairly assumed that Defendant has not filed a consent to Magistrate Judge jurisdiction. Accordingly, the undersigned submits this recommendation to the presiding District Judge for the purpose of entering a case dispositive order. For the reasons that follow, the Court will recommend that the Motion for Default Judgment be granted in part and denied in part.

Because Defendant's default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure (*see* Doc. 9),[1] the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Having considered Plaintiff's motion and supporting affidavit, which address each of the *Eitel* factors (*see* Doc. 11), and having reviewed the well-pled factual allegations of the complaint (*see* Doc. 1), the Court concludes that default judgment is appropriate on the FDCPA claim. *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp.2d 200 (E.D.N.Y. 2009) (granting default judgment on FDCPA claims); *Gilmore v. Account Mgmt., Inc.*, 357 Fed.Appx. 218, 2009 WL 4826953 (C.A.11 (Ga.) (same). The Court recommends granting Plaintiff's motion to the extent she seeks $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A) and $5,275.00 in attorney fees and $425.30 in costs under 15 U.S.C. § 1692k(a)(3) (*see* Doc. 11). In its discretion, and upon review of the Blair affidavit, the Court will decline to award actual damages. The affidavit does not justify an award of damages beyond the statutory damages. The affidavit does not sufficiently demonstrate that Plaintiff suffered any out-of-pocket losses such as medical expenses, missed purchase opportunities, or lost wages attributable to Defendant's conduct.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Judgment (Doc. 11), be granted in part and denied in part.

---

[1] The Clerk entered default on January 22, 2010 (Doc. 9), but the Motion for Default Judgment was filed only after the Court's February 24, 2010 Order (Doc. 10) directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute or move for judgment.

1  **IT IS FURTHER RECOMMENDED** that default judgment be in the total amount of
2  $6,700.30.
3      This recommendation is not an order that is immediately appealable to the Ninth Circuit
4  Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
5  Procedure, should not be filed until entry of the district court's judgment. The parties shall have
6  fourteen days from the date of service of a copy of this recommendation within which to file
7  specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b),
8  Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file
9  a response to the objections. Failure to timely file objections to the Magistrate Judge's Report
10 and Recommendation may result in the acceptance of the Report and Recommendation by the
11 district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
12 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate
13 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
14 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule
15 72, Federal Rules of Civil Procedure.
16     DATED this 10th day of August, 2010.

_____
David K. Duncan
United States Magistrate Judge

19 cc:    SRB

- 3 -